UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

OAK FOREST PRODUCTS, INC.,

            Plaintiff,

- v -

HOME DEPOT U.S.A., INC. and KING OF FANS, INC.,

            Defendants.

Civil Action No.
08-cv-06531-DGL

**ANSWER**

    Defendant Home Depot U.S.A., Inc. ("Home Depot"), for its Answer to the Complaint filed by Plaintiff Oak Forest Products, Inc. ("Plaintiff") states as follows:

    1.  Home Depot admits this purports to be an action for patent and copyright infringement. The remaining allegations contained in Paragraph 1 of the Complaint state legal conclusions to which no response is required.

    2.  Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

    3.  Home Depot admits the allegations contained in Paragraph 3 of the Complaint.

    4.  Home Depot admits that it is authorized to conduct business in Western New York and it does conduct business in Western New York. Home Depot denies the remaining allegations contained in Paragraph 4 of the Complaint.

    5.  Home Depot denies the allegations contained in Paragraph 5 of the Complaint.

    6.  Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Home Depot admits that King of Fans has supplied goods to Home Depot in Western New York. Home Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint.

8. Home Depot denies the allegations contained in Paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 of the Complaint state legal conclusions to which no response is required.

10. The allegations contained in Paragraph 10 of the Complaint state legal conclusions to which no response is required. Home Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint.

11. Home Depot admits that this Court has personal jurisdiction over it. Home Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

12. The allegations contained in Paragraph 12 of the Complaint state a legal conclusion to which no response is required.

13. Home Depot repeats and reasserts its responses to Paragraphs 1-12 of the Complaint.

14. Home Depot admits that Exhibit A to the Complaint purports to be United States Patent No. D 491,657 (the "'657 Patent"). That patent speaks for itself. Home Depot denies that the '657 Patent was duly and legally issued. Home Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint.

15. Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Home Depot denies the allegations contained in Paragraph 16 of the Complaint.

17. Home Depot denies the allegations contained in Paragraph 17 of the Complaint.

18. Home Depot denies the allegations contained in Paragraph 18 of the Complaint.

19. Home Depot denies the allegations contained in Paragraph 19 of the Complaint.

20. Home Depot denies the allegations contained in Paragraph 20 of the Complaint.

21. Home Depot repeats and reasserts its responses to Paragraphs 1-20 of the Complaint.

22. Home Depot admits that Exhibit B to the Complaint purports to be United States Copyright Registration No. VA-1-169-980 (the "'980 Copyright"). That document speaks for itself. Home Depot denies that the '980 Copyright was duly and legally issued. Home Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint.

23. Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Home Depot denies the allegations contained in Paragraph 24 of the Complaint.

25. Home Depot denies the allegations contained in Paragraph 25 of the Complaint.

26. Home Depot denies the allegations contained in Paragraph 26 of the Complaint.

27. Home Depot denies the allegations contained in Paragraph 27 of the Complaint.

28. Home Depot denies the allegations contained in Paragraph 28 of the Complaint.

## WHEREFORE CLAUSE

Home Depot denies that Plaintiff is entitled to any of the relief set forth in the Wherefore Clause.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its responses to Paragraphs 1-28 of Plaintiff's Complaint, Home Depot alleges the following affirmative defenses to the Complaint.

A.  Home Depot is not infringing, has not infringed, nor will infringe either literally or under the doctrine of equivalents, any valid and enforceable claim of the '657 Patent. The accused products sold by Home Depot do not embody the patented design or any colorable imitation thereof because, among other reasons, they are materially different in design.

B.  The '657 Patent is invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 102, 103, and/or 112. Upon information and belief, and without waiver of any other defenses that may be developed in discovery, the '657 Patent is invalid because, among other reasons, its claim and figures are anticipated by prior art designs and/or are obvious over prior art in combination.

C.  Home Depot has not infringed any valid copyright of Plaintiff because, among other reasons, the products sold by Home Depot are not substantially similar to the Plaintiff's alleged copyright, Home Depot has engaged in fair use, and/or Home Depot has acted in good faith.

D.  Upon information and belief, the asserted '980 Copyright was created on or after the day of creation of substantially similar designs by other parties.

E.  The figures and drawings asserted by Plaintiff in the '980 Copyright are not subject to copyright protection.

F. The Complaint fails to state a claim upon which relief may be granted.

G. Upon information and belief, Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

H. Upon information and belief, Plaintiff's claims are barred by the first sale doctrine, because the products sold by Home Depot were lawfully acquired from its co-defendant King of Fans, a co-inventor/co-author and hence co-owner of the allegedly-infringed '657 Patent and '980 Copyright as set forth in King of Fans' first counterclaim.

**DEMAND FOR JURY TRIAL**

Home Depot demands a trial by jury to the extent permitted by applicable law.

Dated: February 20, 2009

NIXON PEABODY LLP

By: */s/ Andrew P. Zappia*
Andrew P. Zappia
Richard D. Rochford

Attorneys for Home Depot U.S.A., Inc.
1100 Clinton Square
Rochester, New York 14604
Tel: (585) 263-1000
Email: azappia@nixonpeabody.com,
rrochford@nixonpeabody.com

12402579.1

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February 2009, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

>Thomas R. FitzGerald
>Alpa Vinodchandra Patel
>George G. Mackey
>HISCOCK & BARCLAY, LLP
>2000 HSBC Plaza
>100 Chestnut Street
>Rochester, New York 14604
>Tel: (585) 295-4469
>Email: tfitzgerald@hblaw.com, apatel@hiscockbarclay.com, gmackey@hiscockbarclay.com

>*/s/ Andrew P. Zappia*
>Andrew P. Zappia

12402579.1