UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

OAK FOREST PRODUCTS, INC.,

                            Plaintiff,

- v -

HOME DEPOT U.S.A., INC. and KING OF FANS, INC.,

                            Defendants.

Civil Action No.
08-cv-06531-DGL

**AMENDED ANSWER AND COUNTERCLAIMS**

      Defendant King of Fans, Inc. ("King of Fans"), for its Amended Answer to the Complaint filed by Plaintiff Oak Forest Products, Inc. ("Plaintiff") states as follows:

      1.      King of Fans admits this purports to be an action for patent and copyright infringement. The remaining allegations contained in Paragraph 1 of the Complaint state legal conclusions to which no response is required.

      2.      King of Fans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

      3.      King of Fans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

      4.      Upon information and belief, King of Fans admits that Home Depot conducts business in Western New York. King of Fans denies the remaining allegations contained in Paragraph 4 of the Complaint.

      5.      King of Fans denies the allegations contained in Paragraph 5 of the Complaint.

      6.      King of Fans admits the allegations contained in Paragraph 6 of the Complaint.

7. King of Fans admits that King of Fans has supplied goods to Home Depot in Western New York.  King of Fans is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint.

8. King of Fans denies the allegations contained in Paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 of the Complaint state legal conclusions to which no response is required.

10. The allegations contained in Paragraph 10 of the Complaint state legal conclusions to which no response is required.  King of Fans is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint.

11. King of Fans admits that this Court has personal jurisdiction over it.  King of Fans is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

12. The allegations contained in Paragraph 12 of the Complaint state a legal conclusion to which no response is required.

13. King of Fans repeats and reasserts its responses to Paragraphs 1-12 of the Complaint.

14. King of Fans admits that Exhibit A to the Complaint purports to be United States Patent No. D 491,657 (the "'657 Patent").  That patent speaks for itself.  King of Fans denies that the '657 Patent was duly and legally issued.  King of Fans is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint.

15. King of Fans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. King of Fans denies the allegations contained in Paragraph 16 of the Complaint.

17. King of Fans denies the allegations contained in Paragraph 17 of the Complaint.

18. King of Fans denies the allegations contained in Paragraph 18 of the Complaint.

19. King of Fans denies the allegations contained in Paragraph 19 of the Complaint.

20. King of Fans denies the allegations contained in Paragraph 20 of the Complaint.

21. King of Fans repeats and reasserts its responses to Paragraphs 1-20 of the Complaint.

22. King of Fans admits that Exhibit B to the Complaint purports to be United States Copyright Registration No. VA-1-169-980 (the "'980 Copyright"). That document speaks for itself. King of Fans denies that the '980 Copyright was duly and legally issued. King of Fans is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint.

23. King of Fans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. King of Fans denies the allegations contained in Paragraph 24 of the Complaint.

25. King of Fans denies the allegations contained in Paragraph 25 of the Complaint.

26. King of Fans denies the allegations contained in Paragraph 26 of the Complaint.

27. King of Fans denies the allegations contained in Paragraph 27 of the Complaint.

28. King of Fans denies the allegations contained in Paragraph 28 of the Complaint.

## WHEREFORE CLAUSE

King of Fans denies that Plaintiff is entitled to any of the relief set forth in the Wherefore Clause.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its responses to Paragraphs 1-28 of Plaintiff's Complaint, King of Fans alleges the following affirmative defenses to the Complaint.

A. King of Fans is not infringing, has not infringed, nor will infringe either literally or under the doctrine of equivalents, any valid and enforceable claim of the '657 Patent. The accused products sold by King of Fans do not embody the patented design or any colorable imitation thereof because, among other reasons, they are materially different in design.

B. The '657 Patent is invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 102, 103, and/or 112. Upon information and belief, and without waiver of any other defenses that may be developed in discovery, the '657 Patent is invalid because, among other reasons, its claims and figures are anticipated by prior art designs and/or are obvious over prior art in combination.

C. King of Fans has not infringed any valid copyright of Plaintiff because, among other reasons, the products sold by King of Fans are not substantially similar to the Plaintiffs' alleged copyright, King of Fans has engaged in fair use, and/or King of Fans has acted in good faith.

D. Upon information and belief, the asserted '980 Copyright was created on or after the day of creation of substantially similar designs by other parties.

E. The figures and drawings asserted by Plaintiff in the '980 Copyright are not subject to copyright protection.

F.  The Complaint fails to state a claim upon which relief may be granted.

G.  Upon information and belief, Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

H.  Plaintiff's claims are barred for the reasons set forth in the Counterclaims hereinbelow which are hereby incorporated by reference herein.

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiff, King of Fans, Inc. ("King of Fans"), hereby counterclaims against Plaintiff Oak Forest Products, Inc. ("Oak Forest"), and states as follows:

### Nature of the Action

1.  This is an action for an adjudication of proper inventorship/authorship and hence ownership of the patents and copyrights which are the subject of the causes of action asserted by Oak Forest against King of Fans.  This is also an action for breach of contract.

### Jurisdiction and Venue

2.  This Court has subject matter jurisdiction to determine inventorship/authorship and ownership under 28 U.S.C. §§ 1331 and 1338(a).  This Court has pendent jurisdiction over the alleged breach of contract under 28 U.S.C. § 1367.

### Count I – Determination of Inventorship/Authorship, and Ownership

3.  King of Fans' former Executive Vice President, John Bucher, participated in the design of the fan blades which are the subject of the allegedly-infringed '657 Patent and '980 Copyright.

4.  John Bucher is a co-inventor of the invention claimed in the allegedly-infringed '657 Patent.  John Bucher was obligated to assign all inventions to King of Fans including his rights as a co-inventor in and to the invention claimed in the allegedly-infringed '657 Patent.

Therefore, King of Fans is the beneficial owner of an undivided interest in the allegedly-infringed '657 Patent. As a co-owner of the allegedly-infringed '657 Patent, King of Fans is not liable for the alleged infringement, nor has any duty to account to Oak Forest.

5. John Bucher is a co-author of the design claimed in the allegedly-infringed '980 Copyright. At all material times, John Bucher was a full-time employee of King of Fans. Mr. Bucher's design contribution was prepared as an employee of King of Fans and was within the scope of his employment. Mr. Bucher's co-authorship of the design covered by the allegedly-infringed '980 Copyright therefore constitutes a work-made-for-hire under the Copyright Act in favor of King of Fans. As a co-owner of the allegedly-infringed '980 Copyright, King of Fans is not liable for the alleged infringement thereof nor, for the reasons set forth in Count II below, has any duty to account to Oak Forest.

6. As a joint owner of the '980 Copyright, Oak Forest must account to King of Fans for a share of profits realized from Oak Forest's use of the '980 Copyright.

WHEREFORE, King of Fans prays for an adjudication of co-inventorship/co-authorship and hence co-ownership of the allegedly-infringed '657 Patent and '980 Copyright, and an accounting for Oak Forest's use of the '980 Copyright.

## Count II – Breach of Contract

7. Oak Forest and King of Fans entered into an agreement for Oak Forest, through its factory, to supply fan blades to King of Fans for assembly with ceiling fans to satisfy its vendor obligations to supply the ceiling fans to Home Depot.

8. By 2007, Oak Forest's factory failed to produce the fan blades in satisfactory quality or in adequate quantity for King of Fans to satisfy its vendor obligations to Home Depot. Oak Forest has therefore breached its supply contract with King of Fans.

9. As a result of Oak Forest's breach of contract, King of Fans had to acquire the allegedly-infringing fans blades from a third party in order to satisfy its vendor obligations to supply the ceiling fans to Home Depot. Oak Forest was fully aware of and acquiesced in King of Fans' acquisition of the allegedly-infringing fans blades from a third party, therefore Oak Forest is barred from asserting any infringement of the '657 Patent and '980 Copyright.

10. As a result of Oak Forest's breach of contract, Oak Forest is estopped from asserting any infringement of the allegedly-infringed '657 Patent and '980 Copyright.

11. Oak Forest unreasonably delayed asserting infringement of the allegedly-infringed '657 Patent and '980 Copyright to the prejudice of King of Fans.

12. King of Fans has suffered damages as a result of Oak Forest's breach of contract.

**DEMAND FOR JURY TRIAL**

13. King of Fans demands a trial by jury to the extent permitted by applicable law.

WHEREFORE, King of Fans prays for an award of compensatory damages resulting from Oak Forest's breach of contract.

Dated: November 10, 2009      NIXON PEABODY LLP

By: /s/ Andrew P. Zappia
    Andrew P. Zappia
    Richard D. Rochford
    Wendell W. Harris

Attorneys for King of Fans, Inc.
1100 Clinton Square
Rochester, New York 14604
Tel: (585) 263-1000
Email: azappia@nixonpeabody.com,
    rrochford@nixonpeabody.com
    wharris@nixonpeabody.com

Of counsel:

Stefan V. Stein
Gray Robinson, P.A.
201 North Franklin Street, Suite 2200
P.O. Box 3324 (33601-3324)
Tampa, Florida  33602
Tel:  (813) 273-5000
Email:  Stefan.Stein@gray-robinson.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November 2009, I electronically filed the foregoing **AMENDED ANSWER AND COUNTERCLAIMS** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

>Thomas R. FitzGerald
>Alpa Vinodchandra Patel
>George G. Mackey
>HISCOCK & BARCLAY, LLP
>2000 HSBC Plaza
>100 Chestnut Street
>Rochester, New York 14604
>Tel: (585) 295-4469
>Email: tfitzgerald@hblaw.com, apatel@hiscockbarclay.com, gmackey@hiscockbarclay.com

>/s/ Andrew P. Zappia
>Andrew P. Zappia