1                      UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF NEW YORK
2


3


4   - - - - - - - - - - - - - -X
    OAK FOREST PRODUCTS, INC.,    )      08-CV-6531(L)
5                 Plaintiff       )
    vs.                           )
6                                 )       Rochester, New York
    HOME DEPOT USA, INC., et al.,)       August 4, 2011
7                 Defendants.     )       3:55 p.m.
                                  )
8   - - - - - - - - - - - - - -X

9

10                     TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE MARIAN W. PAYSON
11                  UNITED STATES MAGISTRATE JUDGE

12


13


14


15


16

17  AUDIO RECORDER:       Catherine A. Marr

18


19


20
    TRANSCRIBER:          Christi A. Macri, FAPR, RMR, CRR, CRI
21                        Kenneth B. Keating Federal Building
                          100 State Street
22                        Rochester, New York 14614

23


24
    (Proceedings recorded by electronic sound recording, transcript
25  produced by computer).

1            A P P E A R A N C E S

2

3        HISCOCK & BARCLAY LLP
         BY: GEORGE G. MACKEY, ESQ.
4        2000 HSBC Plaza
         100 Chestnut Plaza
5        Rochester, New York 14604

6                   - and -

7        TRIPP SCOTT, P.A.
         BY:  PETER G. HERMAN, ESQ. (Via telephone)
8        100 Southeast Sixth Street
         15th Floor
9        Fort Lauderdale, Florida 33302
         Appearing on behalf of the Plaintiff
10

11       WARD GREENBERG HELLER & REIDY LLP
         BY:  JEFFREY HARRADINE, ESQ.
12       300 State Street
         6th Floor
13       Rochester, New York 14614

14                  - and -

15       DLA PIPER LLP(US)
         BY:  NICHOLAS G. PAPASTAVROS, ESQ.
16       33 Arch Street
         26th Floor
17       Boston, Massachusetts 02110
         Appearing on behalf of Defendants
18

19

20

21

22

23

24

25

1    <u>P R O C E E D I N G S</u>

2    *    *    *

3    THE CLERK: All rise.  Oak Forest Products vs.

4    Home Depot, 08-CV-6531.

5    MAGISTRATE JUDGE PAYSON: All right, the first order of

6    business is to address the motions to withdraw as counsel which

7    have been filed by Hiscock & Barclay in this matter.

8    Mr. Mackey has filed a motion accompanied by an

9    affidavit.  There has been no formal opposition that has been

10   filed to that motion and, indeed, Mr. Herman has indicated that he

11   has been retained by Oak Forest Products, the plaintiff, to

12   represent it in this matter assisted by local counsel, as I

13   understand it, Robert Scalione, Cellino & Barnes.

14   And Mr. Herman has filed a motion to appear *pro hac vice*

15   in this matter, which I have reviewed, and all of the paperwork

16   seems to be in order.  So unless there is anything that anybody

17   wants to say with respect to those motions, I'm prepared to decide

18   them.

19   MR. MACKEY: The only request, Your Honor, is that the

20   order note our charging lien pursuant to our retainer agreement

21   which is attached to our moving papers.

22   MR. HERMAN: I couldn't hear that, Your Honor.

23   MAGISTRATE JUDGE PAYSON: Mr. Mackey, speak into the

24   microphone instead of standing; or you can stand at the podium.

25   MR. MACKEY: Your Honor, the only additional request

1  would be that the order note our charging lien as noted in our

2  retainer agreement, which is attached to our moving papers.  Can't

3  be a determined amount at this time, but I would like the order to

4  note that.

5          MR. HERMAN: I'm just not sure what that means in terms

6  of noting it.  I mean, look, what does that mean by noting it?

7          MR. MACKEY:  There is one.

8          MR. HERMAN: No, I think that has to be determined by the

9  Court at a later date.

10          MR. MACKEY: I agree with you the amount that it is,

11 but --

12          MR. HERMAN: No, I think whether you actually have a

13 charging lien or not.

14          MAGISTRATE JUDGE PAYSON: Mr. Herman, how about we let

15 Mr. Mackey talk, and then when I'm ready to hear from you, I'll

16 indicate that I'm ready to hear from you, okay?

17          MR. HERMAN: Okay.

18          MAGISTRATE JUDGE PAYSON: All right, go ahead.

19          MR. MACKEY: Your Honor, I think we've articulated our

20 retainer agreement, which was signed by the plaintiff, indicates

21 that we're entitled to be paid reasonable fees in a contingency

22 case based upon the -- all the circumstances once the case is

23 ultimately determined.

24          MAGISTRATE JUDGE PAYSON: All right.  Have you submitted

25 a proposed order?

1    MR. MACKEY: I have not, Your Honor.

2    MAGISTRATE JUDGE PAYSON: Okay.  So I was not prepared to

3  address that issue, nor to address any objection to language in a

4  proposed order.  Why don't you circulate a proposed order?

5    And, Mr. Herman, any objections that you want to make to

6  the language, you can send me a letter and indicate your

7  objections and I'll consider that.

8    I don't generally include language in orders granting

9  permission to withdraw any language in there about charging liens,

10  but I'll consider that request.

11    MR. MACKEY: Thank you, Your Honor.

12    MAGISTRATE JUDGE PAYSON: All right.  Anybody want to

13  address the motion made by Mr. Herman to appear *pro hac vice*?  I

14  assume no?  No?  Okay.  That application is granted, and I've

15  signed the order admitting Mr. Herman *pro hac vice* in this matter.

16    MR. HERMAN: Thank you, Your Honor.

17    MAGISTRATE JUDGE PAYSON: Mr. Mackey, I guess you're free

18  to go now.

19    MR. MACKEY: Thank you, Your Honor.

20    MAGISTRATE JUDGE PAYSON: All right, thank you.

21    The record should reflect that prior to taking the bench

22  I met in chambers with counsel and then left them alone for a few

23  minutes with the charge that they confer and determine if they

24  could agree upon a proposed amended scheduling order.

25    I have been advised that they had a cooperative

1  discussion, but -- a productive discussion, but ultimately were

2  not able to agree on, I think, the amount of time to be afforded

3  for the various stages that remain in this litigation.

4          Am I right that both parties agree that there needs to

5  be some extension of the discovery deadline?

6          MR. PAPASTRAVROS: Yes, Your Honor.

7          MAGISTRATE JUDGE PAYSON: Okay. All right, Mr. Herman,

8  let me begin with you. Let's address first the issue of fact

9  discovery. How much time are you asking for?

10          MR. HERMAN: Okay. I would ask, Judge, pushing out all

11  of the dates in the trial order, which I don't have before me and

12  I apologize, but Mr. -- but counsel has, you know, filled me in as

13  to generally what those are and I tried to write them down here as

14  quick as I could.

15          But my proposal would be somewhere between six to eight

16  months beginning from the September 30th date because of my -- I

17  think I filled you in, if I need to fill you in again what my

18  problem is up to September 30th I will, but I'm pretty much

19  out-of-pocket up until September 30th. So I figured six to eight

20  months from there would probably do it.

21          I explained to counsel that I also have a special set

22  trial beginning on December 5th; and I am also on a docket -- if

23  you're a trial lawyer on docket, I understand that. What concerns

24  me a little bit are the special set that could come and cause a

25  clog in the discovery process in this case.

1     I'm -- again, I was just going to say I'm on a docket

2 between September 12th and November 18th; and just yesterday my

3 continuance was denied in that case by the judge and so,

4 therefore, as soon as I get back from the September 30th date from

5 New York, I suspect that I'll probably have another trial in

6 October.

7     Having said that, again, I understand trial lawyers have

8 trials, but we also understand what it takes to get ready for

9 those trials.  And in fairness to my client, I would at least need

10 somewhere between six to eight months to get up to speed with

11 this.

12     I told counsel that I wouldn't really be able to even

13 look at this to start any even written discovery or attempt to do

14 any oral discovery before September 30th.  There are other people

15 in my law firm that I could ask for help, but they're not even

16 going to be getting the gist of this case until I get to look at

17 it.  So everything, in my view, in my view, begins September 30th.

18     And so a six to eight month time period doesn't seem

19 like it's -- I realize the case has been around a little bit.  But

20 by the same token, counsel just got in in March himself.

21     There hasn't been a lot going on; I notice on the docket

22 today that there's only 48 entries in this case.  Not that I want

23 to clutter it with more, but at the end of the day, the way I view

24 what I know about this case, what I know about the witnesses and

25 potential discovery that's out there, and with the different -- we

1  got a few different attorneys involved across the country and

2  witnesses across the country, in coordinating those it's

3  difficult.

4        Then you throw in the fact that, you know, down in

5  December and January; a lot of things don't get done just because

6  of holidays.  And so I'm just trying to look at this in the most

7  reasonable so I don't cut myself off and prejudice --

8        MAGISTRATE JUDGE PAYSON: Okay, I think I understand your

9  request.  I am concerned that my first scheduling order issued in

10 April of 2009.  That was over two years ago.

11       I agree with you with regard to the relative few docket

12 entries during that period of time, a number of which relate to

13 the issuance of amended scheduling orders.

14       I'm not sure that that factor is one that necessarily

15 counsel's in favor of a long extension.  What it suggests to me is

16 that there's been plenty of time that's been afforded to this

17 litigation and counsel certainly has had ample time to get this

18 case up and running.

19       So let me hear from you, Mr. Papastravros.

20       MR. PAPASTRAVROS: Thank you, Your Honor, I appreciate

21 that.  First, I would -- where we left off on negotiations is to

22 advise Your Honor that I'm prepared to assent to the motion that

23 is before the Court with respect to a 90 day extension of

24 discovery.  That's what I think is appropriate in this case.

25       As Your Honor pointed out, the case is three years old.

1  There have been multiple extensions thus far.

2        MAGISTRATE JUDGE PAYSON: I wasn't sure whether to read

3  the motion as a motion for a 90 day extension of the scheduling

4  order for discovery once counsel had been retained, or whether the

5  request was to afford Oak Forest Products 90 days in order to

6  retain counsel, at which point we would address the issue of a

7  schedule.

8        MR. PAPASTRAVROS: I think that that --

9        MAGISTRATE JUDGE PAYSON: Movant's request this Court

10  extend the deadlines by this Court's scheduling order of March 8th

11  90 days to permit counsel to retain alternate counsel.

12        So I think Mr. Mackey was obviously trying to preserve

13  his client's rights during that timeframe, and I think probably

14  leave to new counsel the issue of how much time he or she sought.

15        So I don't read the motion as saying that if I were to

16  grant the motion, it was conditioned on an agreement by the

17  plaintiff to limit the request of any extension by 90 days, but I

18  don't want to be hypertechnical.

19        I am, you know, I am concerned that the case has been

20  pending for -- even following answers for over two years.  And

21  maybe, Mr. Papastravros, you're in a better motion than Mr. Herman

22  to tell me what has happened during that two-year period.

23        MR. PAPASTRAVROS: Sure.  Well, I entered about six

24  months ago, so I'm not too well positioned to talk about what

25  happened prior to that.

1          However, what's happened in the last six months since we

2     were before Your Honor in a scheduling conference in March is that

3     Mr. Mackey and I engaged in settlement discussions right after

4     that conference in March -- March and April, beginning of May.  It

5     became clear that it wasn't going to work.

6          And at which point in time we sent a letter in May

7     asking for Oak Forest to remedy the deficiencies in its document

8     production.  We sent out requests for admissions and we sent out

9     four deposition notices.

10          MAGISTRATE JUDGE PAYSON: Okay.

11          MR. PAPASTRAVROS: When Jerry filed his -- it essentially

12     ground to a halt in the middle of June when Jerry filed his --

13          MAGISTRATE JUDGE PAYSON: How much discovery has taken

14     place before the -- I think there was an unsuccessful mediation,

15     and I don't know if that preceded your involvement or --

16          MR. PAPASTRAVROS: It did.

17          MAGISTRATE JUDGE PAYSON: Okay.  So there was a

18     mediation, that was not successful; you got involved in the case,

19     settlement negotiations began anew and were not successful.

20          Has there been any discovery or has it just been fits

21     and starts of settlement negotiations?

22          MR. PAPASTRAVROS: Multiple sets of document requests and

23     interrogatories on both sides and document production has been

24     made.  We don't believe it's totally complete, but it has been

25     made initially on both sides of the equation.

1           MAGISTRATE JUDGE PAYSON: All right.

2           MR. HERMAN:  Judge --

3           MR. PAPASTRAVROS: There have not been depositions taken

4    yet.  Judging from the initial disclosures, Your Honor, there's a

5    handful of witnesses on both sides of the equations.  These

6    are small -- King of Fans and Oak Forest are not large companies.

7    Oak Forest is a start-up.  There's Mr. Cartwright, Mr. Lye, and

8    Mr. Cartwright's wife really is the three witnesses on that side.

9           MAGISTRATE JUDGE PAYSON: From your perspective, the

10   remaining discovery really centers on depositions?

11          MR. PAPASTRAVROS: Yes.

12          MAGISTRATE JUDGE PAYSON: Okay.

13          MR. PAPASTRAVROS: In response -- sort of following up on

14   my outstanding requests to written discovery, and then there's --

15   under Your Honor's scheduling order, expert discovery follows

16   that.

17          MAGISTRATE JUDGE PAYSON: All right.  Mr. Herman, you had

18   wanted to say something?

19          MR. HERMAN: Yes, ma'am.  First of all, there hasn't been

20   one deposition taken in the case.  The plaintiff's deposition

21   hasn't even been taken, and it has just been noticed and it's

22   noticed, by the way, for August 17th.

23          I don't know why -- I don't have an answer to your

24   question with regard to what happened in this case for the first

25   three years, but I would have suspected that some depositions

1 would have been -- would have taken place.  I don't know the

2 answer to that.

3          I understand that there was some written discovery that

4 went back and forth, but from what I -- I don't even have a file

5 on this so I'm kind of talking from the seat of my pants here, but

6 at the end of the day, in talking with my client, there are a

7 number of witnesses that we need to depose from this side.  I

8 would say my estimate is somewhere between seven and ten.

9          And then there's also written discovery from our side as

10 counsel had sent over some discovery; we have some to send to him.

11          So, you know, I don't think it was any fault of my

12 client's -- and I don't know this, but I don't think Mr. Mackey

13 would even say this -- that there's any fault on my client's part

14 in this delay.

15          And, of course, if the idea is that it's going to be a

16 short period of time to get really fully discovered -- this case

17 fully discovered, it does prejudice my client, and I respectfully

18 don't see the prejudice on the part of the defendants --

19          MAGISTRATE JUDGE PAYSON: Okay, thank you.  I am prepared

20 to extend fact discovery until the end of January, and I will

21 extend all the other deadlines by the same timeframes that were

22 set forth in the original scheduling order.

23          I don't have a 2012 calender so I can't give you those

24 dates.  That is a five month extension from the end of August,

25 which I think if I am reading the docket right, is the operable --

1    the current fact discovery deadline, not the end of September.

2             So I understand that there is a fair amount of work to

3    be done, but I think work that can reasonably be accomplished

4    within that timeframe.

5             I might afford a longer deadline if we were starting

6    from scratch, but we're not.  And I think five months is adequate

7    for what has been outlined, so I'll extend the fact discovery

8    until the end of January.

9             I think plaintiff's experts were to be identified within

10   a three or four week period thereafter, and then further

11   discovery -- expert discovery and summary judgment motions to

12   follow.  So I will extend all those deadlines as well.

13            Okay, I will issue a -- I guess it will be a fourth

14   amended scheduling order, and it will be filed electronically.

15            MR. PAPASTRAVROS: Your Honor, could I make one request?

16   In the third amended scheduling order, I think in prior scheduling

17   orders as well, motions to compel actually pre-dated the discovery

18   deadline by a month.

19            I think it's easier for -- I dealt with this when we

20   were coming up on this deadline.  I think it might be easier if

21   the motion to compel deadline could be the same --

22            MAGISTRATE JUDGE PAYSON: All right, that's fine.

23            MR. PAPASTRAVROS: -- as the fact discovery deadline.

24            MAGISTRATE JUDGE PAYSON: That's fine, I'll do that.

25            MR. HERMAN: Thank you.

1       MAGISTRATE JUDGE PAYSON: Okay.  Take a look at the

2  schedule when it's filed electronically.  It will have another

3  date built-in for a further status conference, but I just don't

4  have my calender up right now.  It will be sometime in January.

5       So I'll set a date for a further status conference

6  sometime in January.  If you want to participate by phone, that's

7  probably fine; just send me a letter request ahead of time asking

8  that you'd like to participate by phone.

9       And if you have disputes between now and then and you

10  want to try to resolve them informally, let me know, I'm certainly

11  happy to try to do that, okay?

12       MR. HERMAN: Okay.

13       MAGISTRATE JUDGE PAYSON: So in case the record is not

14  clear, I am granting the motion to withdraw.

15       I'm granting the motion for *pro hac vice*.

16       And I will issue an amended scheduling -- a fourth

17  amended scheduling order as I have outlined.

18       Anything else?

19       MR. HERMAN: No, Your Honor, not from this end.

20       MAGISTRATE JUDGE PAYSON: Okay, thanks very much.

21       MR. PAPASTRAVROS: Thank you, Your Honor.

22       MR. HERMAN: Thank you very much.

23       MAGISTRATE JUDGE PAYSON: Okay.

24       (WHEREUPON, the proceedings adjourned at 4:12 p.m.)

25                           *    *    *

CERTIFICATE OF TRANSCRIBER

        I certify that the foregoing is a correct transcript to the best of my ability from the official electronic sound recording of the proceedings in the above-entitled matter.

S/ Christi A. Macri

Christi A. Macri, FAPR-RMR-CRR-CRI